IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Detention of: | ) | |
| | ) | No. 31107-4-III |
| ALBERT BROOKS, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |

KORSMO, J. — Albert Brooks challenges his commitment as a sexually violent predator, contending that the court erred in allowing evidence of uncharged actions and that the evidence does not establish a current mental abnormality. We affirm.

## FACTS

In September of 1978, Mr. Brooks attempted to kidnap a 17-year-old Spokane girl, T.N., by approaching her from behind and holding a knife to her throat. However, T.N. resisted and escaped. Four months later he attempted to kidnap 15-year-old S.N. in Post Falls, Idaho, but she also escaped. That same night he kidnapped and raped 15-year-old D.W. elsewhere in Post Falls. Charges in Spokane County relating to T.N. were dropped following Mr. Brooks' indictment in Idaho. He then pleaded guilty to raping D.W. in exchange for dismissal of the charges relating to S.N. Following his conviction, evidence emerged that he also had molested a neighbor, 11-year-old Da.L.

Following his stint in prison, he resumed kidnapping and raping young girls. Although living in Idaho, during visits to Spokane he kidnapped and raped 12-year-old

De.L. in 1986 and 10-year-old K.G. in 1988. He again reached an agreement and pleaded guilty to charges relating to K.G. in exchange for dismissal of charges relating to De.L. While he was still incarcerated on that conviction, the State brought this action in 2008 to have Mr. Brooks committed as a sexually violent predator.

The trial court conducted a pre-trial hearing to address the six noted prior incidents. The evidence relating to the two convictions was admitted without objection, but the parties contested the evidence relating to the four unadjudicated offenses. Ultimately, the trial court struck evidence relating to Da.L., reasoning that the incident was substantially different from the other acts and that the prejudicial effect outweighed the probative value. The trial court admitted the evidence relating to T.N., S.N., and De.L. The court reasoned that while the evidence was prejudicial, the prejudicial effect did not substantially outweigh the compelling probative value of the evidence in light of the State's heavy burden of proof.

At trial, the State presented testimony from each of the five victims, along with corroborating evidence from the respective police investigations into those incidents. The State then presented testimony from Dr. Brian Judd, who diagnosed Mr. Brooks with pedophilia and a rape paraphilia.[1] He based the diagnoses on the evidence from the past crimes, his interviews with Mr. Brooks, and Mr. Brooks' treatment record while

---

[1] The technical term used was "paraphilia, not otherwise specified, nonconsent." Report of Proceedings at 359.

incarcerated. Dr. Junn then testified about predictive actuarial and diagnostic instruments[2] that supported his conclusion that Mr. Brooks was likely to reoffend. The defense presented expert testimony from Dr. Theodore Donaldson, who questioned the validity of Dr. Judd's diagnoses and the accuracy of the predictive actuarial instruments used.

The jury found that Mr. Brooks was a sexually violent predator. He then timely appealed to this court.

## ANALYSIS

Mr. Brooks contends the trial court erred in admitting evidence of the prior, unadjudicated offenses and that the evidence was insufficient to support the jury's verdict. We address the claims in that order.

### *Admissibility of Prior, Unadjudicated Offenses*

Mr. Brooks first argues that the trial court erred in admitting evidence concerning the three unadjudicated incidents, claiming that the trial court improperly considered the State's need to prove the elements of its case. He contends that without that consideration, the trial court's decision to admit this evidence is untenable because it

---

[2] The actuarial instruments employed were the Sex Offender Risk Appraisal Guide (SORAG), and the Static-99R, while the primary diagnostic instrument employed was the Structured Risk Assessment-Forensic Version (SRA-FV).

struck the equally prejudicial evidence relating to Da.L, and therefore should have struck this evidence.

Well-settled standards govern this appeal. Rulings admitting or excluding evidence are reviewed for an abuse of discretion. *In re Det. of Duncan*, 167 Wn.2d 398, 402, 219 P.3d 666 (2009). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Evidence of other crimes, wrongs, or acts are inadmissible to prove character or to show an action in conformity therewith, but may be admitted for other purposes. ER 404(b). In a proceeding to commit an individual as a sexually violent predator, evidence of past sexual violence is highly probative of mental state and the propensity for future sexual violence. *In re Det. of Turay*, 139 Wn.2d 379, 400-02, 986 P.2d 790 (1999); *In re Pers. Restraint of Young*, 122 Wn.2d 1, 54-55, 857 P.2d 989 (1993). However, otherwise admissible evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. ER 403. Evidence is unfairly prejudicial where it creates an undue tendency to suggest a decision on an improper basis. *State v. Cronin*, 142 Wn.2d 568, 584, 14 P.3d 752 (2000); *State v. Cameron*, 100 Wn.2d 520, 529, 674 P.2d 650 (1983).

With these standards in mind, the outcome is clear. The trial court necessarily had to consider the State's burden of proof when determining the admissibility of evidence. Evidence "tending to prove or disprove" is by definition probative. BLACK'S LAW

4

DICTIONARY, 1397 (10th ed. 2014). Since evidence is only inadmissible under ER 403 where the danger of prejudice substantially outweighs its *probative* value, it was proper for the trial court to consider whether the evidence tends to prove the necessary elements of the State's case.

Mr. Brooks is correct in contending that the trial court did not distinguish the prejudicial impact of the admitted evidence from the stricken evidence. However, the evidence relating to T.N., S.N., and De.L. was admitted not because it was less prejudicial, but because it was more probative. The trial court noted that the incident involving Da.L. was different in nature from the other incidents, and therefore was less probative to establish the petitioner's case,[3] while the admitted evidence carried a "strong, compelling probative value." The decision to admit or strike evidence under ER 403 involves balancing the potential for prejudice against the probative value of the evidence. The trial court properly weighed those values against each other in making its decision to admit the evidence at issue. Mr. Brooks has failed to point to any facts or law that would render the trial court's grounds or reasoning untenable. There was no abuse of discretion.

---

[3] The record readily supports that conclusion. Da.L. was the only victim of molestation, the only victim who was not kidnapped, and the only victim who knew Mr. Brooks prior to the actual or attempted sexual assault. It also was the only incident not subject to a police investigation and not corroborated by other evidence.

*Sufficiency of the Evidence*

Mr. Brooks contends that the State failed to prove that he currently suffers from a mental abnormality that would make him likely to reoffend. He contends that Dr. Judd's diagnoses were unfounded because he made no diagnosis in 2003 and there was no subsequent evidence of sexual deviancy during his incarceration. He also points to the testimony from the defense expert questioning Dr. Judd's diagnoses and the actuarial instruments used to demonstrate that he was likely to reoffend.

In order to commit an individual as a sexually violent predator, the petitioner must show that the individual has (1) committed a crime of sexual violence and (2) suffers from a mental abnormality or personality disorder, which (3) makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility. RCW 71.09.060(1); RCW 71.09.020(18). Here, Mr. Brooks contends that the evidence was insufficient to establish that he suffers from a mental abnormality or that he is likely to engage in further predatory acts of sexual violence.

Although an action to commit an individual as a sexually violent predator is a civil proceeding, the criminal standard of review applies to appeals challenging the sufficiency of the evidence. *In re Det. of Thorell*, 149 Wn.2d 724, 744, 72 P.3d 708 (2003). Thus, evidence is sufficient where, when viewed in the light most favorable to the State, a rational trier of fact could find each essential element beyond a reasonable doubt. *Id.*

6

Deference is given to the trier of fact on issues of credibility and persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

The State relied primarily upon the testimony of Dr. Judd to establish that Mr. Brooks suffers from a mental abnormality that makes him likely to commit further acts of sexual violence. Dr. Judd diagnosed Mr. Brooks with pedophilia and a rape paraphilia based on Mr. Brooks' past offenses and treatment record, as well as direct observation. His testimony was supported by several actuarial and diagnostic instruments suggesting Mr. Brooks was likely to reoffend. This evidence, taken together with the evidence of his previous sexual violence and recidivism, was more than sufficient to sustain the jury's determination that Mr. Brooks currently suffered from a mental abnormality and that he was likely to engage in further predatory acts of sexual violence.

Much of the argument presented by Mr. Brooks on appeal is merely a reiteration of the defense expert's testimony challenging Dr. Judd's diagnoses and the predictive accuracy of the actuarial instruments. These are solely issues of credibility and persuasiveness that the trier of fact, not a reviewing court, must weigh. His argument that Dr. Judd's diagnosis is factually without basis due to the fact that no diagnosis was made in 2003 is unpersuasive. The record clearly indicates that Dr. Judd refrained from making an initial diagnosis in order to further observe Mr. Brooks. He then diagnosed Mr. Brooks only once he had sufficient information, based in part on those additional

7

No. 31107-4-III
*In re the Det of Brooks*

observations. These facts do not undercut Dr. Judd's diagnoses, but rather demonstrate prudence in ascertaining all the pertinent facts prior to diagnosing a malady.

There was sufficient evidence to support the conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

8